Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTSONS COMPANIES INC., AND DOES 1-5, INCLUSIVE,<br><br>Defendants. | Case No. **'18CV0852 MMA BGS**<br><br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>(42 U.S.C. §§2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to

-1-

Guadalupe Zamorano, Hermelinda Stevenson (collectively referred to herein as "Charging Parties") and a class of similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraph 15 of this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission asserts that Defendants Albertsons Companies Inc. and Does 1-5 (collectively referred to herein as "Defendants"), subjected Charging Parties and a class of similarly aggrieved individuals to harassment in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission("Plaintiff," "EEOC," or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by§706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Albertsons Companies Inc. ("Albertsons") has continuously been an Idaho corporation doing business in, amongst other places, San Diego County, State of California, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Albertsons has continuously been an

1  employer engaged in an industry affecting commerce within the meaning of
2  Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).
3     7.   All of the acts and failures to act alleged herein were duly performed
4  by and attributable to all Defendant(s), each acting as a successor, agent, alter ego,
5  employee, indirect employer, joint employer, integrated enterprise and/or under the
6  direction and control of the others, except as specifically alleged otherwise.  Said
7  acts and failures to act were within the scope of such agency and/or employment,
8  and each Defendant participated in, approved and/or ratified the unlawful acts and
9  omissions by the other Defendants complained of herein.  Whenever and wherever
10 reference is made in this Complaint to any act by a Defendant or Defendants, such
11 allegations and reference shall also be deemed to mean the acts and failures to act
12 of each defendant acting individually, jointly, and/or severally.
13    8.   Plaintiff is ignorant of the true names and capacities of each
14 Defendant sued as DOES 1 through 5, inclusively, and therefore Plaintiff sues said
15 defendant(s) by fictitious names.  The Commission reserves the right to amend the
16 complaint to name each DOE defendant individually or corporately as it becomes
17 known.  Plaintiff alleges that each DOE defendant was in some manner responsible
18 for the acts and omissions alleged herein and Plaintiff will amend the complaint to
19 allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

21    9.   More than thirty days prior to the institution of this lawsuit, Charging
22 Parties filed charges of discrimination with the Commission alleging violations of
23 Title VII by Defendants.
24    10.  Subsequent to the Charging Parties filing their charges of
25 discrimination, the EEOC investigated the charges against Defendant Albertsons.
26    11.  On July 10, 2017, the Commission issued to Defendant Albertsons
27 Letters of Determination finding reasonable cause to believe that Charging Parties
28 and a class of employees were subjected to disparate treatment and a hostile work

environment because of their national origin (Hispanic and/or Mexican) in violation of Title VII. The Commission made a further like and related finding that there was reasonable cause to believe that the Charging Parties and a class of similarly situated individuals were subjected to discrimination on the basis of national origin (Hispanic and/or Mexican) and/or race (Hispanic) in violation of Title VII which lead to discipline. The Commission further invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant Albertsons to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

13. The Commission was unable to secure through informal methods of conciliation, including but not limited to an in-person conciliation conference, from Defendants a conciliation agreement acceptable to the Commission.

14. On January 23, 2018, the Commission issued to Defendant Albertsons Notices of Failure of Conciliation.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

16. Since at least 2012, Defendants have engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) by subjecting the Charging Parties and a class of similarly aggrieved individuals to harassment on the basis of national origin. The unlawful employment practices include but are not limited to:

   a. In or about 2012, Albertsons developed an unwritten English-only policy, which Albertsons implemented as essentially a no Spanish policy. In a training video, managers and employees were instructed that employees should not speak Spanish as long as there was a non-Spanish speaking person present. Pursuant to those instructions/training, Richard Brown, Store Director of Store

1  #6785, located on Lake Murray Blvd in San Diego, California, implemented a no
2  Spanish policy. Brown and other supervisors communicated to the Charging
3  Parties and other Hispanic employees that they could not speak Spanish anywhere
4  on the premises regardless of whether they were on break.

5      b. Brown and others verbally harassed Hispanic employees, telling
6  them not to speak Spanish, threatening them with discipline, and publicly
7  reprimanding them for allegedly speaking Spanish.

8      c. Charging Party Guadalupe Zamorano has worked for Defendant
9  Albertsons since August 2007. She worked in Albertsons Store #6785, located on
10 Lake Murray Blvd. In October 2012, Brown reprimanded Zamorano in front of the
11 store for speaking Spanish.

12     d. After the counseling session, Zamorano called Albertsons' hotline
13 to complain about Brown's conduct and prohibition against speaking Spanish at
14 work.

15     e. Defendants failed to take corrective action in response to the
16 complaint by the Zamorano.  Upon receipt of the Charging Party Zamorano's
17 complaint, a union representative investigated the complaint, and told Zamorano
18 that she needed to speak English because she was living in the United States. There
19 was no further action taken in regards to the complaint.

20     f. Charging Party Zamorano was reprimanded by Brown again on or
21 about December 6, 2012 for speaking Spanish even though she was speaking with
22 a Spanish-speaking customer. Brown again instructed her to only speak in English
23 at work.

24     g. As a result of the harassment, Charging Party Zamorano requested
25 a transfer to a different store on or about November 22, 2013. She wrote on her
26 transfer request form that she was requesting the transfer because of the
27 harassment she was subjected to. Brown refused to submit her transfer request until
28 she filled out a form that did not include the statement about harassment.

   h. Charging Party Hermelinda Stevenson has worked for Defendant Albertsons since 1989, and was transferred to Store #6785 in August 2012. In October 2012, Stevenson was also reprimanded by Brown in front of the store for speaking Spanish for the same incident that Zamorano was reprimanded for. Charging Party Stevenson and her coworkers were prohibited by Brown and Assistant Store Director Jerri Burleson from speaking Spanish at work, even during breaks in the break room. As a result of the harassment and monitoring from management, Charging Party Stevenson and other workers would leave the premises to eat lunch in order to feel comfortable.

   i. Charging Party Stevenson requested a transfer to a different store on or about June 3, 2013 in part because the harassment and other issues at work were making her physically sick, including anxiety and stomach issues.

   j. Other Albertsons employees were not allowed to speak Spanish and were subjected to harassment, including but not limited to one employee being instructed not to speak Spanish by a department head as managers did not like when she spoke Spanish, another employee was harassed by coworkers when she spoke in Spanish, and an employee was told by the managers that the employees could not speak Spanish anywhere even with Spanish speaking customers.

   k. Other non-Hispanic employees were not subjected to harassment or subjected to the no Spanish policy.

  17. The effect of the practices complained as described in paragraph 16 has been to deprive Charging Parties and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their national origin, Hispanic and/or Mexican.

  18. The unlawful employment practices complained of in paragraph 16 above were intentional and caused Charging Parties and a class of aggrieved individuals to suffer emotional distress.

  19. The unlawful employment practices complained of in paragraph 16

above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of aggrieved individuals.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in national origin harassment and any other employment practice which discriminates on the basis of national origin;

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII;

C. Order Defendants to make Charging Parties and a class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including where appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendants to make Charging Parties and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E. Order each Defendant to pay Charging Parties and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F. Award the Commission its costs of this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: May 3, 2018

Respectfully Submitted

JAMES L. LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

By: _____
ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION