Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech Street, Suite 504
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTSONS COMPANIES INC., ALBERTSON'S LLC, AND DOES 1-5, INCLUSIVE,<br><br>Defendants. | Case No. 18-CV-0852-MMA-BGS<br><br>**SECOND AMENDED COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>**(42 U.S.C. §§2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I

1  of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment
2  practices on the basis of national origin and to provide appropriate relief to
3  Guadalupe Zamorano, Hermelinda Stevenson (collectively referred to herein as
4  "Charging Parties") and a class of similarly aggrieved individuals who were
5  adversely affected by such practices. As set forth with greater particularity in
6  paragraph 17 of this Second Amended Complaint, Plaintiff U.S. Equal
7  Employment Opportunity Commission asserts that Defendants Albertsons
8  Companies Inc., Albertsons LLC, and Does 1-5 (collectively referred to herein as
9  "Defendants"), subjected Charging Parties and a class of similarly aggrieved
10 individuals to harassment in violation of Title VII.

## JURISDICTION AND VENUE

12  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
13 1331, 1337, 1343 and 1345.
14  2.  This action is authorized and instituted pursuant to § 706(f)(1) and
15 (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-
16 5(f)(1) and (3), ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C.
17 § 1981(a).
18  3.  The employment practices alleged to be unlawful were committed
19 within the jurisdiction of the United States District Court for the Southern District
20 of California.

## PARTIES

22  4.  Plaintiff U.S. Equal Employment Opportunity Commission
23 ("Plaintiff," "EEOC," or the "Commission") is an agency of the United States of
24 America charged with the administration, interpretation and enforcement of Title
25 VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title
26 VII, 42 U.S.C. § 2000e-5(f)(1) and (3).
27  5.  At all relevant times, Albertsons Companies, Inc. has continuously
28 been a Delaware corporation doing business in, amongst other places, San Diego

1  County, State of California, and has continuously had at least fifteen (15)
2  employees.
3      6.    At all relevant times, Albertsons LLC, a subsidiary of Albertsons
4  Companies, Inc., has continuously been a Delaware corporation doing business in,
5  among other places, San Diego County, State of California, and has continuously
6  had at least fifteen (15) employees.
7      7.    At all relevant times, Albertsons Companies, Inc., and Albertson's
8  LLC, (collectively "Albertsons") have continuously been an employer engaged in
9  an industry affecting commerce within the meaning of Sections 701(b), (g) and (h)
10 of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).
11     8.    All of the acts and failures to act alleged herein were duly performed
12 by and attributable to all Defendant(s), each acting as a successor, agent, alter ego,
13 employee, indirect employer, joint employer, integrated enterprise and/or under the
14 direction and control of the others, except as specifically alleged otherwise. Said
15 acts and failures to act were within the scope of such agency and/or employment,
16 and each Defendant participated in, approved and/or ratified the unlawful acts and
17 omissions by the other Defendants complained of herein. Whenever and wherever
18 reference is made in this First Amended Complaint to any act by a Defendant or
19 Defendants, such allegations and reference shall also be deemed to mean the acts
20 and failures to act of each defendant acting individually, jointly, and/or severally.
21     9.    Plaintiff is ignorant of the true names and capacities of each
22 Defendant sued as DOES 1 through 5, inclusively, and therefore Plaintiff sues said
23 defendant(s) by fictitious names. The Commission reserves the right to amend the
24 first amended complaint to name each DOE defendant corporation/company as it
25 becomes known. Plaintiff alleges that each DOE defendant was in some manner
26 responsible for the acts and omissions alleged herein and Plaintiff will amend the
27 first amended complaint to allege such responsibility when the same shall have
28 been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendants.

11. Subsequent to the Charging Parties filing their charges of discrimination, the EEOC investigated the charges against Defendant Albertsons.

12. On July 10, 2017, the Commission issued to Defendant Albertsons Letters of Determination finding reasonable cause to believe that Charging Parties and a class of employees were subjected to disparate treatment and a hostile work environment because of their national origin (Hispanic and/or Mexican) in violation of Title VII. The Commission made a further like and related finding that there was reasonable cause to believe that the Charging Parties and a class of similarly situated individuals were subjected to discrimination on the basis of national origin (Hispanic and/or Mexican) and/or race (Hispanic) in violation of Title VII which lead to discipline. The Commission further invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

13. The Commission engaged in communications with Defendant Albertsons to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

14. The Commission was unable to secure through informal methods of conciliation, including but not limited to an in-person conciliation conference, from Defendants a conciliation agreement acceptable to the Commission.

15. On January 23, 2018, the Commission issued to Defendant Albertsons Notices of Failure of Conciliation.

16. All conditions precedent to the initiation of this lawsuit have been fulfilled.

1      17.     Since at least 2012, Defendants have engaged in unlawful
employment practices in violation of §§ 703(a)(1) and 704 of Title VII, 42 U.S.C.
§§ 2000e-2(a)(1) by subjecting the Charging Parties and a class of similarly
aggrieved individuals to harassment on the basis of national origin. The unlawful
employment practices include but are not limited to:

   a. In or about 2012, Albertsons developed an unwritten English-only policy, which Albertsons implemented as essentially a no Spanish policy. In a training video, managers and employees were instructed that employees should not speak Spanish as long as there was a non-Spanish speaking person present. Pursuant to those instructions/training, managers and employees, including but not limited to Richard Brown, Store Director of Store #6785, located on Lake Murray Blvd in San Diego, California, and Jerri Burleson, Assistant Store Director of Store #6785, located on Lake Murray Blvd in San Diego, California, implemented a no Spanish policy. Brown, Burleson, and others communicated to the Charging Parties and other Hispanic employees that they could not speak Spanish anywhere on the premises regardless of whether they were on break.

   b. Brown, Burleson, and others verbally harassed Hispanic employees, telling them not to speak Spanish, threatening them with discipline, and publicly reprimanding them for allegedly speaking Spanish.

   c. Charging Party Guadalupe Zamorano has worked for Defendant Albertsons since August 2007. She worked in Albertsons Store #6785, located on Lake Murray Blvd. In October 2012, Brown reprimanded Zamorano in front of the store for speaking Spanish.

   d. After the counseling session, Zamorano called Albertsons' hotline to complain about Brown's conduct and prohibition against speaking Spanish at work.

   e. Defendants failed to take corrective action in response to the complaint by the Zamorano. Upon receipt of the Charging Party Zamorano's

1 complaint, a union representative investigated the complaint, and told Zamorano
2 that she needed to speak English because she was living in the United States. There
3 was no further action taken in regards to the complaint.

4       f. Charging Party Zamorano was reprimanded by Brown again on or
5 about December 6, 2012 for speaking Spanish even though she was speaking with
6 a Spanish-speaking customer. Brown again instructed her to only speak in English
7 at work.

8       g. Brown harassed Charging Party Zamorano about not speaking
9 Spanish about three or five times per week. Brown also told other employees not to
10 speak Spanish to Zamorano. Burleson would comment/warn Zamorano and other
11 Hispanic employees to not speak Spanish about five to ten times per day. Burleson
12 would also tell Zamorano and other Hispanic employees to "speak English" even
13 outside of work shifts and especially before Hispanic employees even clocked in.

14       h. As a result of the harassment, Charging Party Zamorano requested
15 a transfer to a different store on or about November 22, 2013. She wrote on her
16 transfer request form that she was requesting the transfer because of the
17 harassment she was subjected to. Brown refused to submit her transfer request until
18 she filled out a form that did not include the statement about harassment.

19       i. Charging Party Hermelinda Stevenson has worked for Defendant
20 Albertsons since 1989, and was transferred to Store #6785 in August 2012. In
21 October 2012, Stevenson was also reprimanded by Brown in front of the store for
22 speaking Spanish for the same incident that Zamorano was reprimanded for.

23       j. Stevenson and her coworkers were also prohibited by Brown and
24 Burleson from speaking Spanish at work, even during breaks in the break room. As
25 a result of the harassment and monitoring from management, Stevenson and other
26 workers would leave the premises to eat lunch in order to feel comfortable.

27       k. When Burleson was on the floor, on average she warned Stevenson
28 not to speak Spanish twice a day. There were instances when Stevenson, along

with other Hispanic co-workers, would be clocking in or come back from lunch, Burleson would tell them not to speak Spanish.

      l. Charging Party Stevenson requested a transfer to a different store on or about June 3, 2013 in part because the harassment and other issues at work were making her physically sick, including anxiety and stomach issues.

      m. Other Albertsons employees were not allowed to speak Spanish and were subjected to harassment, including but not limited to one employee being instructed not to speak Spanish by a department head as managers did not like when she spoke Spanish, another employee was harassed by coworkers when she spoke in Spanish, and an employee was told by the managers that the employees could not speak Spanish anywhere even with Spanish speaking customers.

      n. Other non-Hispanic employees were not subjected to harassment or subjected to the no Spanish policy.

18. The effect of the practices complained as described in paragraph 17 has been to deprive Charging Parties and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their national origin, Hispanic and/or Mexican.

19. The unlawful employment practices complained of in paragraph 17 above were intentional and caused Charging Parties and a class of aggrieved individuals to suffer emotional distress.

20. The unlawful employment practices complained of in paragraph 17 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers,

successors, assigns, and all persons in active concert or participation with each of them, from engaging in national origin harassment and any other employment practice which discriminates on the basis of national origin;

  B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII;

  C. Order Defendants to make Charging Parties and a class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including where appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

  D. Order Defendants to make Charging Parties and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

  E. Order each Defendant to pay Charging Parties and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

  F. Award the Commission its costs of this action; and

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its First Amended Complaint.

| | |
|---|---|
| Dated: June 19, 2019 | Respectfully Submitted |

                                        JAMES L. LEE,
                                      Deputy General Counsel

                                      GWENDOLYN YOUNG REAMS,
                                      Associate General Counsel

                                      U.S. EQUAL EMPLOYMENT
                                      OPPORTUNITY COMMISSION
                                      131 "M" Street, NE.
                                      Washington, D.C. 20507

                                      ANNA Y. PARK
                                      Regional Attorney

                               By: S/ Connie K. Liem
                                      Connie K. Liem
                                      E-Mail: connie.liem@eeoc.gov
                                      Trial Attorney

                                      Attorneys for Plaintiff
                                      U.S. EQUAL EMPLOYMENT
                                      OPPORTUNITY COMMISSION