# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., and ALBERTSON'S LLC,<br><br>         Defendants. | Case No. 18-cv-852-MMA (BGS)<br><br>**CONSENT DECREE AND ORDER**<br><br>[Doc. No. 58] |

## I. INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") and Defendants Albertsons Companies, Inc. and Albertsons LLC (collectively, "Albertsons") hereby stipulate and agree to entry of this Consent Decree ("Decree") to resolve the Commission's complaint filed on May 3, 2018, entitled *Equal Employment Opportunity Commission v. Albertsons Companies, Inc., et al.*, in the United States District Court for the Southern District of California alleging that Defendant discriminated against Charging Parties Guadalupe Zamorano and Hermelinda Stevenson and a class of similarly situated individuals (hereinafter collectively referred to as the "Claimants") by subjecting them to harassment based on their national origin in violation

of Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended ("Title VII").

By entering into this Consent Decree, Albertsons does not admit to any wrongdoing and denies liability.

## II. PURPOSES AND SCOPE OF THE CONSENT DECREE

A. In the interest of resolving this matter, the Commission and Albertsons (hereinafter "Parties") have agreed that this action should be finally settled by entry of this Decree. Subject to the terms and conditions below, this Decree shall be binding on Albertsons and its officers, directors, managing agents, employees, agents, successors, and assigns.

B. The parties have entered into this Decree for the following purposes:

1. To provide monetary and injunctive relief;

2. To ensure that Albertsons' employment practices comply with federal law;

3. To ensure that Albertsons' employees continue to be protected from national origin discrimination and retaliation;

4. To provide training to certain of Albertsons' human resources personnel, managers, supervisors, and other employees with respect to their obligations under Title VII as specified in this Decree;

5. To review and update if necessary certain of Albertsons' policies and procedures for handling harassment complaints;

6. To ensure that Albertsons has an effective mechanism for receiving and handling discrimination, harassment and retaliation complaints; and

7. To avoid time and eliminate the costs of further litigation.

## III. RELEASE OF CLAIMS

A. This Decree fully and completely resolves all claims in the Complaint filed in this action, including any claims that have been or may have been asserted by the EEOC in the First and Second Amended Complaints in this action.

    B.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree.

    C.    Nothing in this Decree shall be construed to limit or reduce Albertsons' obligation to comply fully with Title VII or any other federal anti-discrimination law.

    D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Albertsons in accordance with standard EEOC procedures.

### IV. JURISDICTION

    A.    The Court has jurisdiction over the parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

    B.    The terms and provisions of this Decree are fair, reasonable, and just.

    C.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

    D.    Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

    E.    The Court shall retain jurisdiction over this Action during the duration of the Decree for the purposes of entering all orders, judgments and decrees which may be necessary to implement and/or enforce the relief provided herein or to otherwise effectuate the purposes of the Decree.

### V. EFFECTIVE DATE AND DURATION OF DECREE

    A.    The provisions of this Decree are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

    B.    Except as otherwise provided herein, this Decree shall remain in effect starting on the Effective Date and ending 24 months following the Implementation Date. For purposes of this Decree, the Implementation Date shall be January 8, 2021.

    C.    The Parties have worked together and engaged in a good faith dialog to accommodate the current situation facing Albertsons in light of the COVID-19 pandemic,

and for that reason, have agreed to an Implementation Date that is approximately seven months from the date this Decree will be submitted to the Court for approval. In the event that the Court takes a significant time to enter this Decree, such that the duration of the Decree and the Implementation Date create conflicts, the Parties agree to work together to amend the terms of the Decree such that the original intent of the Parties as to the duration of the Decree (that it will last 24 months past the Implementation Date) is fully effectuated.

## VI. COMPLIANCE AND DISPUTE RESOLUTION

If the Commission has reason to believe that Albertsons has breached the Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC shall notify Albertsons in writing of the nature of the dispute. This notice shall specify the particular provision(s) of the Decree that the EEOC believes has/have been breached. A thirty (30) day dispute resolution period ("Dispute Resolution Period") will be provided from the date of notice, prior to the institution of any legal proceeding, absent a showing that the delay will cause irreparable harm. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice of dispute during the Dispute Resolution Period.

After the expiration of the Dispute Resolution Period, the EEOC may initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree for such time Albertsons is shown to be out of compliance, or such other relief as the Court may deem appropriate.

## VII. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate

amendments to this Decree in order to effectuate the purposes of the Decree. If the Parties are unable to reach agreement, the Court shall order appropriate alternative provisions to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other lawful and enforceable provisions will remain in full force and effect.

### VIII. MONETARY RELIEF

A.  In settlement of this lawsuit, Albertsons LLC shall pay a total of $210,000 ("Total Settlement Amount") in monetary relief. The EEOC shall retain sole discretion to determine who is a Claimant, and the amount to be distributed to each such individual.

B.  The EEOC shall provide Albertsons LLC with: (1) a distribution list with the specific monetary settlement amount that is to be provided to each Claimant; and (2) for Claimants who are former employees of Albertsons LLC, a completed W-9 form and a current addresses where the check should be delivered. Within five (5) business days from the Effective Date, Albertsons LLC shall issue a check to each Claimant (to be sent to their home address by mail) in the amount specified by the EEOC. Within ten (10) days of the issuance of each check, Albertsons LLC shall submit a copy of each check and related correspondence to the Regional Attorney, United States Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

C.  The Parties hereby agree that payments made to the Claimants under this Decree shall be considered payments for emotional distress, and not for the payment of any wages or benefits due and owing to any employee for services rendered to Albertsons LLC. Accordingly, Albertsons LLC shall prepare and distribute 1099 forms to Claimants who receive distributions under this Decree, and shall make appropriate reports to the Internal Revenue Service in relation to the payments made under this Decree. Albertsons LLC shall be solely responsible for any costs associated with the issuance and distribution of the 1099 forms to the Claimants. The Claimants shall be solely

responsible for taxes payable, if any, on their respective portion of the settlement proceeds, and will be so advised by EEOC.

      D.    In the event of any remainder of any settlement funds, the EEOC will send to Albertsons LLC a redistribution list identifying a redistribution to the Claimants and/or donation to a charity that promotes education around national origin issues. The EEOC will work with Albertsons LLC to identify an appropriate charity but final decision shall rest with the EEOC. Albertsons LLC shall issue a check with accompanying tax documents outlined above within twenty (20) days of receipt of a redistribution list from the EEOC. Notice shall be given to the EEOC as set forth herein.

## IX. GENERAL INJUNCTIVE RELIEF

Unless otherwise noted, the following terms of general injunctive relief Section IX(A)-(I) shall apply to Albertsons LLC's Southern California Division stores, including the directors, officers, managers and supervisory employees of the Southern California Division stores (referred to as the "Division" in this Decree). Notwithstanding the foregoing scope of the general injunctive relief provisions of this Decree, Albertsons LLC shall communicate to the legal representatives of all of its divisions the content of this Decree, its requirements and the recommendations specified by the EEOC in this Decree.

      A.    **National Origin Discrimination**

The Division is enjoined for the duration of the Decree from discriminating against any individual on the basis of national origin including, without limitation, by enforcing a policy regarding the use of language in the workplace in a discriminatory manner.

      B.    **Non-Harassment**

The Division is enjoined for the duration of the Decree from engaging in employment practices in violation of Title VII's prohibitions against harassment based on national origin. Specifically, the Division is enjoined from utilizing training materials that discourage employees from speaking languages other than English. To comply with this specific provision in relation to the Courtesy, Dignity and Respect training video, the

Division will, within 30 days from the Implementation Date, remove from the video the particular discussion that involves use of Spanish in the workplace.

### C. Non- Retaliation

The Division is enjoined for the duration of the Decree from engaging in, implementing or permitting any action, policy or practice with the purpose or effect of retaliating against any current or former employee because he or she (a) opposes any practice that the EEOC contended in this action was unlawful; (b) testifies or participates in any manner in any investigation, proceeding in connection with this case; (c) is identified as a possible witness or claimant in this action; or (d) asserts any rights under this Decree; and (e) seeks and/or receives any relief in accordance with this Decree.

### D. Posting

Within ten (10) days after the Implementation Date, and thereafter throughout the remaining term of this Decree, the Division shall post at Store 6785 (currently Store 2785) a mutually agreeable summary of the terms of this Decree in at least two clearly visible locations frequented by employees of Store 6785 (i.e. break rooms or bulletin boards with other employee notices).  Any reference in this Decree to "Store 6785" shall encompass its past, current and future permeations (i.e., its past, current and future store identification numbers).

### E. EEO Compliance Audits

Upon the Implementation Date, Albertsons LLC shall designate a professional experienced in conducting human resource audits or investigations (such as an existing human resources professional) to conduct annual audits relating to complaints (if any are made) that involve unlawful discrimination, harassment, or retaliation issues related to national origin arising at Store 6785, or any other store where Jerri Burleson works permanently in a supervisory or managerial capacity during the term of this Decree.  The goal of the audit will be to: (1) ensure employees at Store 6785 who were involved in any national original complaint involving the use of language to understand that they can freely speak in a language they understand; (2) ensure that there is no hostile work

environment directed at people speaking a different language; and (3) ensure the effectiveness of the training set forth under this Decree.

The audits may include interviews of a sample of current and/or former employees of Store 6785, as well as managers and supervisors. If the audit reveals misconduct that may violate the Division's policies or procedures, the Division shall address the matter with prompt and effective remedial action. Any findings of a policy violation, and the related remediation action, will be reported to the EEOC as specified in this Decree.

**F.     Policies Concerning Discrimination, Harassment and Retaliation**

Within sixty (60) days after the Implementation Date, the Division shall adopt, to the extent they do not already exist, training, policies or procedures regarding Equal Opportunity Employment that include at a minimum:

1. A strong and clear commitment to a workplace free from discrimination and retaliation;

2. A statement encouraging employees to come forward if they believe that they have been subjected to national origin discrimination or harassment under Title VII;

3. A procedure, including training, to ensuring that employees understand the Division's position on language use in the workplace, specifically that employees are allowed to speak in the language they are most comfortable speaking to;

4. A description of the possible consequences, up to and including termination that will be imposed upon violation of the policy against discrimination, harassment and retaliation;

5. A statement of commitment to confidentiality, to the extent possible, for persons who bring complaints of discrimination, harassment or retaliation;

6. An assurance that persons who in good faith complain about discrimination will not be subject to retaliation; and

7. The telephone number of an internal source (i.e., the Hotline described below) available to handle complaints concerning discrimination, and/or retaliation.

In addition, the Division will take action to assist employees in understanding that they can speak in their native language in all locations throughout the stores in which they work. This practice includes not disciplining employees solely based on a customer complaint that he or she used a language other than English. Notwithstanding the foregoing, nothing in this Decree prohibits the Division from counseling an employee about good customer services and the need to include the customer in any dialog that may be occurring between employees.

### G.   Discrimination, Harassment and Retaliation Complaint Procedure

1. Within sixty (60) days after the Implementation Date, the Division shall, to the extent not already in place, draft, or review and revise an internal complaint procedure to be used by the Human Resources and Loss Prevention Departments (which departments are generally responsible for investigating complaints) as described below in Section G(2)-G(8).

2. The internal complaint procedure shall clearly state that:

(a) an employee who believes that he or she has suffered discrimination, harassment or retaliation may file an internal complaint using the Division's internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

(b) employees may initiate an internal complaint verbally or in writing to any appropriate person, and no special form is required;

(c) there shall be no retaliation against any employee for use of the internal complaint procedure or any external complaint procedure regarding discrimination, harassment, or retaliation, for assisting in

the investigation of such complaint or for otherwise assisting in such complaint;

(d) the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law.  The procedures shall have the Human Resources or Loss Prevention Departments provide, if asked, contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

(e) if an allegation of a violation of the policy prohibiting discrimination, harassment or retaliation is substantiated, then such conduct will result in appropriate discipline as shall be determined by the Division, up to and including discharge.

3. The internal complaint procedure regarding discrimination, harassment or retaliation detailed above shall, to the extent it does not already exist, lay out responsibilities, including that the Division will:

(a) maintain the confidentiality of the complaint, complainant and investigation to the fullest extent feasible and possible;

(b) take reasonable steps to promptly resolve complaints;

(c) promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations;

(d) interview relevant witnesses, including the complainant, and review relevant documents;

(e) communicate with any complainant (preferably in writing) in Store 6785 or an any other store where Jerri Burleson works permanently in a supervisory or managerial capacity during the terms of the Decree, regarding the status of the complaint, the investigation, results of the investigation and that appropriate action was or will be

taken in light of the investigation, which will include giving the complainant the opportunity to respond; and

  (f) for complaints from Store 6785 or an any other store where Jerri Burleson works permanently in a supervisory or managerial capacity during the terms of the Decree, track investigations and maintain written records including, of any conclusions or findings that were made, and remedial actions (if any) that was taken.

  4. If a complainant has any complaints about the results of an internal investigation or any related retaliation, the internal complaint procedure will provide that the complainant be notified of the right to contact the EEOC.

  5. The internal complaint procedure shall NOT require that the complainant:

  (a) confront his or her harasser;
  (b) file an internal complaint instead of an external complaint; or
  (c) initiate the complaint process only by submitting a written complaint.

  6. For complainants after the Implementation Date at Store 6785 or an any other store where Jerri Burleson works permanently in a supervisory or managerial capacity during the terms of the Decree, the Division shall confidentially follow-up with every such internal complainant (to the extent that complainant was actually brought to the attention of the Company's Human Resources or Loss Prevention Departments) in approximately nine months after final resolution of the complaint to inquire whether the complainant believes that he or she has any further concerns, and, if necessary, the Division shall investigate any allegations of related retaliation.

  7. The Division will work with limited English speakers to assist them in communicating their complaints and participating in any investigation. The Division will continue the use of a complaint hotline ("Hotline") and will inform employees of the availability of the Hotline. Within the time frame noted above in Section IX(G)(1), the

Division will also change the Spanish disclosure currently used on its Hotline to ensure that employees are informed of their ability to file a discrimination, harassment or retaliation complaint when contacting the Hotline. After the Implementation Date, all calls to the Hotline for Store 6785 and any other store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree shall be tracked and the auditor referenced in Section IX(E) shall have access to such call logs and documents related to the complaints arising at Store 6785 and any other store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree.

8. Human Resources shall be accessible to the employees. Human Resources representatives shall be available to receive complaints from employees during normal business working hours with or without appointments.

**H.   Finalizing and Distribution of Final Policy and Internal Complaint Procedure**

1. Within ninety (90) days after the Implementation Date, the Division shall provide the EEOC with a copy of the policies and procedures described in Sections F and G.

2. Upon receipt, the EEOC shall have thirty (30) days to review and/or comment on the policies and procedures noted above.

3. If the EEOC does not provide comment within thirty (30) days of receiving the policies and procedures noted above, the Division shall be free to use the policies and procedures. Within sixty (60) days of providing the policies and procedures noted above to the EEOC, the Division will distributed [sic] the policies noted in Section F to all of the Division's current employees and upon hire for employees hired afterwards. The Parties agree that, to the extent policies that comply with Section F were distributed to existing employees on or after January 1, 2020, the Division has satisfied the requirements of this Section. Further, within sixty (60) days of the date the Division is free to use the policies and procedures noted, the Division will distribute to the Human

Resources and Loss Prevention Departments the policies and procedures that comply with Section G. Each employee who receives a copy of the policies and procedures detailed above will be asked to acknowledge receipt.

4. Within the time period specified above, in Section IX(H)(1), and thereafter throughout the term of this Decree, the policies in Section F and G (appropriately redacted) shall be posted in Store 6785, in at least two clearly visible locations frequented by employees.

**I.     Training**

Scope of the training specified in this Section IX(I) shall apply to the President, the Senior Vice President of Operations, the Area Vice President, the District Manager, the Store Director, the Assistant Store Director, and the Associate Relations Manager who have direct responsibility over Store 6785 and any other store where Jerri Burleson works permanently as a supervisor or manager during the term of the Decree. Unless otherwise specified below, the training described below shall be provided as follows: (a) within one hundred and twenty (120) days after the Implementation Date; and (b) annually thereafter for the term of this Decree to non-management employees and to the District Manager, the Store Director, the Assistant Store Director, and the Associate Relations Manager who have direct responsibility over Store 6785 and any other store where Jerri Burleson works permanently as a supervisor or manager during the term of the Decree:

1. <u>Non-Management Training</u>. Non-management employees at Store 6785 and any store where Jerri Burleson works permanently in a supervisory or managerial capacity during the term of this Decree, shall be required to attend a training program of at least one hour regarding discrimination, harassment (including on the basis of national origin), and related retaliation. Such training under this section may be conducted online or in person, and shall include a review of federal harassment prevention laws, employees' rights and responsibilities under Title VII and the Division's policy and procedures for reporting and handling complaints of discrimination, harassment and related retaliation. Examples shall be given of the prohibited conduct to

ensure understanding by the employees.  The training shall also cover that employees are allowed to speak in a language they are most comfortable speaking.  All trainings shall be designed to effectively teach adult learners.  Non-management employees who have participated in the training specified above on or after January 1, 2020 shall be considered to have attending the training required by this Section IX(I)(1).

      2.    <u>Management/Human Resources Training</u>.  Managerial and/or supervisory employees at Store 6785 and any store where Jerri Burleson works in a supervisory or managerial capacity at any point during the term of this Decree, and the Associate Relations Manager responsible for those stores shall be required to attend harassment prevention training conducted of at least two (2) hours duration that will comply with the standards set forth in the EEOC's "Select Task Force on the Study of Harassment in the Workplace," in the section in that report entitled "Compliance Training for Middle-Management and First-Line Supervisors" (the "Management Training").  All Management/ Human Resources training shall include training on how to take preventive and corrective measures against national origin harassment and related retaliation and how to recognize and stop such misconduct. This shall include training on investigating complaints of discrimination, harassment, and retaliation.  In addition, the training shall address language discrimination directly, including by using examples and hypotheticals specific to language discrimination and harassment.  The training specified in this Section may be conducted on line or in person.  To the extent that the training is provided live, the Division shall hire or designate an employment professional experienced in training to conduct the sessions described in this Section.  Managerial and supervisory employees, and the designated Associate Relations Managers, who have participated in the training specified above on or after October 15, 2019 shall be considered to have attending the training required by this Section IX(I)(2).

      3.    Any employee required to attend any training under this Decree shall verify his or her attendance at each training either in writing or by electronic means.

4.      The EEOC shall be provided with copies of the written material used during any live training provided pursuant to this Decree, and shall be informed of the date and time the training was provided, as well as who attended any such live training. Further, the EEOC will be given 30 days' notice of any such live training that occurs after the Effective Date of this Decree and, at its discretion, may attend the training.

5.      The Division shall also continue to provide the regular training provided to its managerial and non-managerial employees of Store 6785 on the topics of anti-discrimination, anti-harassment, and anti-retaliation.

## X. R<span>ECORD</span> K<span>EEPING AND</span> R<span>EPORTING</span>

### A.      Record-Keeping

Beginning on the Implementation Date, the Division shall establish a record-keeping procedure that provides for the tracking of harassment and related retaliation complaints at Store 6785 and any store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree, and the monitoring of such complaints. The Division shall also maintain all records necessary to demonstrate its compliance with this Decree, including but not limited to the documents specifically identified below, and to verify that the reports submitted are accurate. The records to be maintained shall include:

1.      All documents generated in connection with any complaint of discrimination or harassment and related retaliation at Store 6785 and any store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree for the duration of the Decree, including documents related to the investigation into, or resolution of, each such complaint and the identities of the parties involved;

2.      All forms acknowledging receipt by employees at Store 6785 and any store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree of the policies discussed above;

      3.      Documents reflecting the provision of training and materials related to such training described above, and names and positions of all attendees for each session as required under this Decree;

      4.      Documents reflecting Human Resources Audits, if any, that pertain to potential employment discrimination arising out the application and/or implementation at Store 6785 and any store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree of the Division's policy regarding the use of languages other than English.

The Division shall make the records described above available to the EEOC within thirty (30) business days following a written request by the EEOC; provided however that any privileged document may be withheld and listed on a privilege log.

In the event that concerns about potential non-compliance of the Decree are raised, the EEOC may request documents or information, including interviews of witnesses, that the EEOC determines is necessary to conduct an inquiry into the specific compliance issue. The Albertsons LLC shall make the requested information or documents available to the EEOC.

**B.**    **Reporting**

Within one hundred-eighty (180) days after the Implementation Date, within twelve (12) months thereafter, and at the end of the term of this Decree, the Division shall provide a written report to the EEOC containing:

      1.      Confirmation that the Division has complied with the obligations regarding training and audits as described in this Decree;

      2.      Confirmation that the policies and procedures specified by this Decree have been reviewed and to the extent necessary, modified to comply with this Decree and Title VII;

      3.      A statement confirming that the policies and procedures have been distributed and posted as required by the terms of this Decree, including as required in Store 6785;

      4.      For complaints made after the Implementation Date of this Decree, a summary of complaints of national origin discrimination, harassment, and/or retaliation at Store 6785, and any store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree, including any complaints regarding the use of languages other than English;

      5.      A statement confirming that a review of any complaints of national origin discrimination, harassment and/or retaliation from Store 6785 and any store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree that were made after the Implementation Date of this Decree have been completed and a summary of any changes to policy and/or procedures to address such issues, if any, that were identified through the review;

      6.      A complete employee list, including start date and job title for employees at Store 6785 and any store where Jerri Burleson permanently works in a supervisory or managerial capacity at any point during the term of this Decree;

      7.      An attendance lists for all training sessions required under this Decree that took place;

      8.      For complaints of national origin discrimination, harassment or related retaliation after the Implementation Date of this Decree made at Store 6785 and any store where Jerri Burleson works permanently in a supervisory or managerial capacity at any point during the term of this Decree, the Division shall provide the report required by Section IX(E), which will including the identification of any such responsive complaint; a summary of any issues identified; and a description how each complaint was resolved;

      9.      A summary of the results of the audits (if any) that were conducted as required by Section IX(E), which will including [sic] the identification of any such responsive complaint; a summary of any issues identified; and a description how each complaint was resolved.

The Division shall also report to the EEOC any planned changes to the policies, procedures or record-keeping methods for complaints that are implicated by this Decree, at least thirty (30) days prior to implementing such changes.

### XI. Costs of Administration and Implementation of Consent Decree

Albertsons LLC shall bear all costs associated with its administration and implementation of its obligations under this Decree.

### XII. Costs and Attorneys' Fees

Each Party shall bear its own costs of suit and attorneys' fees.

### XIII. Miscellaneous Provisions

A.  During the term of this Decree, Albertsons LLC shall provide any successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Albertsons LLC's facilities, or any other material change in corporate structure that would affect Albertsons LLC's facilities, and shall simultaneously inform the EEOC of same.

B.  Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

C.  The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

### XIV. Counterparts and Facsimile Signatures

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

/ / /

/ / /

|   |   |
|---|---|
|   | Respectfully Submitted, |
| Dated:   June 1, 2020 | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|   | By: S/Anna Y. Park<br>        Anna Y. Park<br>        Regional Attorney<br>        Attorney for Plaintiff EEOC |
| Dated: June 1, 2020 | JONES DAY |
|   | By: S/Steven M. Zadravecz<br>        Steven M. Zadravecz<br>        Attorney for Defendants<br>        Albertsons LLC, and Albertsons<br>        Companies, Inc. |
| Dated: May 29, 2020 | By: S/Brent Bohn<br><br>        For Albertsons, LLC |
| Dated: May 29, 2020 | By: S/Elena Dietrich<br><br>        For Albertsons Companies, Inc. |

/ / /

/ / /

/ / /

/ / /

**ORDER**

The Court **APPROVES** the foregoing Consent Decree and **ORDERS** compliance with the Consent Decree. The Court **DIRECTS** the Clerk of Court to close the case. The Court retains jurisdiction over this Consent Decree until its termination.

**IT IS SO ORDERED**.

Dated: June 1, 2020

HON. MICHAEL M. ANELLO
United States District Judge